IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS PENNAVARIA,

       Petitioner,

v.                                   Civil Action No. 5:07CV29
                                                    (STAMP)
DOMINIC A. GUTIERREZ, SR.,
Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING**
**REPORT AND RECOMMENDATION**

I. Facts and Procedural History

Thomas Pennavaria, a pro se[1] petitioner, filed an application on February 23, 2007 for habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner is currently serving a sixty-month term of imprisonment and has a projected full term release date of December 10, 2008. On June 10, 2008, the petitioner will become eligible for placement in a Community Confinement Center ("CCC"). The petitioner seeks immediate transfer to home confinement because of his wife's physical and psychological condition and financial difficulties and because of the petitioner's own medical ailments and advanced age. The petitioner also seeks extra good-time credit for the role he played in saving the life of another inmate.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

Pursuant to Local Rule of Prisoner Litigation Procedure 83.09, this matter was referred to United States Magistrate Judge James E. Seibert for report and recommended disposition. In response to an order to show cause, issued by the magistrate judge on March 5, 2007, the respondent filed a response and a motion to dismiss. The petitioner then filed a response opposing the motion to dismiss. On November 29, 2007, the magistrate judge issued a report and recommendation in which he observed that the petitioner had failed to exhaust his administrative remedies but that this Court need not consider whether exhaustion would be futile and the requirement therefore waived because, the magistrate judge found that the petitioner's claim fails on the merits. The magistrate judge then recommended that the respondent's motion to dismiss be granted and that the petitioner's § 2241 be denied because the petitioner has not demonstrated that he is entitled to extra good-conduct time credit and because this Court lacks jurisdiction to grant compassionate release.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. No objections were filed. This matter is now ripe for review. For the reasons set forth below, this Court finds that the magistrate

judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed no objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

A. Administrative Exhaustion

Generally, a prerequisite to filing a § 2241 petition is the petitioner's exhaustion of available administrative remedies. See e.g., Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990); Sanchez v. Miller, 792 F.2d 694, 699 (7th Cir. 1986); Little v.

3

Hopkins, 638 F.3d 953, 953-54 (6th Cir. 1981).[2] Exhaustion as applied to habeas corpus petitioners, however, is not mandated by statute, and, as a judicially imposed prerequisite, the requirement may be waived by courts where a petitioner's pursuit of administrative remedies would be futile. See, e.g., Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005); Fagiolo v. Smith, 326 F. Supp. 2d 589, 590 (M.D. Pa. 2004).

Here, the record indicates that the petitioner failed to exhaust his administrative remedies. The petitioner argues that this Court should waive the exhaustion requirement in his case because any further attempt to exhaust his administrative remedies would be futile. As the magistrate judge concluded, this Court finds that it need not determine whether the exhaustion requirement should be waived because the petitioner has not demonstrated that he is entitled to the relief he seeks.

---

[2]Administrative exhaustion requires the inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 542.13. The BOP's formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the regional director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

B.  <u>Home Confinement</u>

As his first basis for relief, the petitioner argues that he should be immediately transferred to home confinement because his wife of forty years suffers severe depression and his presence at home will enable her to maintain a more stable emotional state. Further, the petitioner states that his wife is on a limited income and that she is unable to cope with the financial demands of daily life, particularly given her psychological state. Additionally, the petitioner argues that his own medical conditions, which are exacerbated by his advanced age, (the petitioner was sixty years old at the time he filed his § 2241), warrant transfer to home confinement. The medical conditions with which the petitioner has been diagnosed include type II diabetes, severe obstructive sleep apnea syndrome, sarcoidosis, compression spinal fracture, non-tropical sprue, irritable bowel syndrome, microscopic colitis, acid reflux esophagitis, and diverticulitis. These physical ailments, the petitioner contends, weigh against further institutional incarceration.

In support of his request for home confinement, the petitioner cites 18 U.S.C. § 3621(b), which authorizes the BOP to designate the location of the prisoner's confinement and which directs the BOP to consider a number of factors when making its placement determinations. According to § 3621(b), these factors include:

(1)  the resources of the facility contemplated;

> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the offender;
>
> (4) any statement by the court that imposed the sentence--
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

The petitioner argues that pursuant to this provision, the BOP has authority to transfer a prisoner to home confinement or halfway house at any point during the inmate's period of incarceration. Moreover, the petitioner contends that application of the statutory factors to his circumstances require the BOP to transfer him to home confinement immediately.

As the magistrate judge observed, 18 U.S.C. § 3624(c) authorizes the BOP to transfer an inmate to home confinement for the final 10% of the prisoner's sentence, not to exceed six months. 18 U.S.C. § 3624(c). With this authority comes almost absolute discretion to determine whether and where a prisoner is to be placed in pre-release confinement. See e.g., United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995); United States v. Restropo, 999 F.2d 640, 645 (2d Cir. 1993). Furthermore, prisoners have no protected liberty interest in serving their sentences in a

6

particular institution or program.  Meachum v. Fano, 427 U.S. 215 (1976).  Consequently, the BOP effectively serves as the final authority for home confinement placement determinations.

In this case, the BOP has determined that the petitioner is eligible for placement in a Community Confinement Center beginning on June 10, 2008.  The petitioner's projected full release date is December 10, 2008.  A June 10, 2008 community confinement placement date represents the maximum six months to which the petitioner is entitled under 18 U.S.C. § 3624( c), and--because the BOP has full discretion to assign the petitioner to a CCC or to home confinement --this Court lacks jurisdiction to direct the BOP to select one type of placement over the other and has no authority to order immediate placement.

C.    Extra Lump Sum Good-Conduct Time Credit

As his second basis for relief, the petitioner seeks an additional lump sum award for good-conduct time credit because he helped to save the life of another inmate on October 23, 2004 by immediately recognizing the symptoms of cardiac distress and quickly securing medical attention.  The petitioner relies on 28 C.F.R. § 523.16, which provides that prison staff may recommend to the Warden that an inmate be granted a lump sum award of extra good time for performing an exceptional act or service that is not part of a regularly assigned duty.

Certainly, the petitioner acted laudably by quickly obtaining medical attention for a fellow inmate who was in cardiac distress. However, the regulation upon which the petitioner relies, 28 C.F.R. § 523.16, was promulgated pursuant to 18 U.S.C. § 4162, which was repealed on October 12, 1984, effective November 1, 1987.[3] See Pub. L. 98-473, 98 Stat. 2027 (1984). Consequently, a lump sum award for exceptional acts or services may be granted only to inmates whose offenses were completed before November 1, 1987. Because the petitioner's offenses were completed after November 1, 1987, § 523.16 does not apply to him. Under the current regulations, inmates "sentenced under the Sentencing Reform Act provisions for offenses committed on or after November 1, 1987 are not eligible for either statutory or extra good time, but may be considered for a maximum of 54 days of good conduct credit per year." 28 C.F.R. § 523.10. Accordingly, the applicable regulations provide that the petitioner may accrue good time credit of up to fifty-four days annually. However, he is not entitled to a lump sum award.

D. Compassionate Release

Finally, the petitioner asserts that his term of imprisonment should be reduced pursuant to 18 U.S.C. § 4205(g) and 18 U.S.C. § 3582(c)(1)(A) because his situation presents extraordinary and

---

[3] Also repealed was 28 C.F.R. § 523.10, which provided that a lump sum award could be awarded in addition to another extra good time award.

compelling circumstances which the sentencing court could not have reasonably foreseen. Title 18, United States Code, Section 4205(g) provides that upon a motion by the BOP, a court may reduce a minimum sentence to the time a defendant has served. However, like 18 U.S.C. § 4162, this provision was repealed on October 12, 1984. See Pub. L. 98-473, 98 Stat. 2027 (1984). Thus, to the extent the petitioner's claim relies upon this provision, his claim must fail.[4] Title 18, United States Code, Section 3582(c)(1)(A), which remains in effect, authorizes a court to modify an imposed term of imprisonment under certain circumstances. Section 3582 provides, in relevant part, that

> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section

---

[4]Even if the provision were still in effect, the BOP has not filed a motion before this Court seeking a reduction of the petitioner's sentence, and this Court lacks authority to grant such a reduction in the absence of such a motion.

> 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Thus, in addition to the presence of extraordinary and compelling circumstances which the petitioner alleges exist in his case, a motion to reduce the petitioner's sentence must be filed by the BOP. In this case, the BOP has not filed such a motion. Accordingly, this Court need not consider whether the petitioner has set forth extraordinary and compelling circumstances warranting a reduction in his sentence. In the absence of a motion by the BOP, this Court lacks authority to grant a compassionate release.

## IV. Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the respondent's motion to dismiss is GRANTED, and the petitioner's 28 U.S.C. § 2241 petition is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 4, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE